IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES Z. YELVERTON** <br> *Plaintiff, pro se* <br><br> v. <br><br> **DEPARTMENT OF THE ARMY,** *et al.* <br> *Defendants* | **CIVIL ACTION** <br><br> **NO. 13-4495** |

NITZA I. QUIÑONES ALEJANDRO, J.                                          SEPTEMBER 5, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is a *motion to dismiss* filed by Defendants Department of the Army and the Army Review Boards Agency (collectively, "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF 10]. Plaintiff James Z. Yelverton ("Plaintiff"), acting *pro se*, has filed an opposition. [ECF 11]. The motion is ripe for disposition.

For the reasons stated herein, the motion to dismiss is granted.

### BACKGROUND

On September 23, 2013, Plaintiff, acting *pro se,* filed a complaint which purports to assert claims for monetary damages against Defendants for wrongfully "changing" his discharge classification obtained from the United States Army in 1969, from "bad conduct discharge" to "other than honorable discharge."[1] [ECF 5]. For the purpose of the motion to dismiss, this Court

---

[1] Plaintiff originally commenced this action on July 17, 2013, by filing a "notice of appeal," together with a motion to proceed *in forma pauperis*. [ECF 1]. Because Plaintiff failed to include sufficient financial information in the motion to determine whether he qualified for *in forma pauperis* status, Plaintiff's motion was denied. [ECF 2]. On September 23, 2013, following submission of a more complete application, Plaintiff's *in forma pauperis* petition was granted. [ECF 4]. Plaintiff's underlying complaint was then filed. [ECF 5].

must accept, as true, all relevant and pertinent factual allegations in Plaintiff's complaint, which are briefly summarized as follows:[2]

> On July 11, 1968, Plaintiff was convicted by a General Court-Martial of various offenses, and received the following sentence from a military tribunal: a "bad conduct discharge," forfeiture of all pay and allowances, confinement to hard labor for ten (10) months and a demotion to the grade of E-1. The convening authority approved the sentence on September 6, 1968. The findings and sentence were affirmed by the Military Board of Review on April 1, 1969.
>
> According to Plaintiff, on May 8, 1969, Plaintiff's "bad conduct discharge" was wrongfully changed to the more severe discharge category of "other than honorable."

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) challenges the existence of subject matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of proving that the requisite jurisdictional requirements are met. *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "[W]hen there is a fact question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, this Court is free to consider evidence outside the pleadings to resolve factual issues bearing on the jurisdictional issue. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

---

[2] While the facts set forth below are drawn primarily from Plaintiff's complaint, this Court has also relied upon certain procedural facts pertaining to Plaintiff set forth in the following decisions: *United States v. Private James Z. Yelverton*, 1969 WL 6164 (U.S. Army Bd. of Rev. 1969); and *Yelverton v. Gavin*, 2012 WL 1246761 (M.D. Pa. Apr. 13, 2012).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the courts are required to accept the truth of Plaintiff's well-pleaded allegations while drawing reasonable inferences in Plaintiff's favor, *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

Construing the complaint liberally, Plaintiff appears to challenge the categorization of his discharge as "other than honorable," and seeks monetary damages resulting from the change. Though Plaintiff does not provide any jurisdictional basis for his claims, this Court presumes that Plaintiff intends to bring these claims under either the Tucker Act, 28 U.S.C. §1491, or the Administrative Procedures Act, 5 U.S.C. §702 ("APA"). As discussed below, under either statute, this Court lacks jurisdiction over Plaintiff's claims.

### *Tucker Act Claims*

As a sovereign, the United States may not be sued except by its consent, and within the conditions or circumstances under which it has consented to be sued. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Under the Tucker Act, the United States has waived sovereign immunity for non-tort monetary claims. 28 U.S.C. §1491. The statute vests the Court of Federal Claims with exclusive jurisdiction over all non-tort monetary claims against the United States or one of its agencies. *Id.*; *Hudome v. U.S. Postal Service*, 1988 WL 33926, at *1 (E.D. Pa. March 31, 1988). Under the so-called "Little Tucker Act," district courts are granted concurrent jurisdiction over non-tort monetary damages claims against the United States and its agencies for sums up to $10,000. 28 U.S.C. §1346(a)(2).

Here, Plaintiff seeks damages in the amount of $180,000 for the wrongful classification of his discharge. As such, Plaintiff's claims are non-tort monetary claims in nature and fall within the provisions of the Tucker Act. However, because the amount of damages sought is in

4

excess of $10,000, this Court lacks jurisdiction over the claims asserted. Consequently, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

*Administrative Procedures Act (APA) Claims*

To the extent Plaintiff intended to assert his claims under the APA, the claims are also dismissed for lack of subject matter jurisdiction. Under the APA, sovereign immunity for suits against the United States is only waived "for remedies *other* than money damages arising from an agency's unlawful action." *Bublitz v. Brownlee*, 309 F. Supp.2d 1, 2 (D.D.C. 2004); *see also* 5 U.S.C. §702. Thus, this Court only has jurisdiction for claims asserted under the APA where the plaintiff seeks injunctive, declaratory, or some other form of non-monetary relief. *See* 5 U.S.C. §702. To the extent that Plaintiff seeks monetary relief from Defendants, this Court lacks jurisdiction over Plaintiff's claims.

Plaintiff's case is similar to that of *Bublitz v. Brownlee*, 309 F. Supp.2d 1 (D.D.C. 2004). In *Bublitz*, a former Army reservist commenced an action against the Army, seeking injunctive relief under the APA to correct his military records to reflect dates of promotions so as to make him eligible for active duty retirement. *Id.* at 3. There, the defendant argued that although the plaintiff sought injunctive relief, his complaint was essentially a claim for monetary damages because the declaratory relief sought would result in a significant increase in the plaintiff's retirement pay. *Id.* Accepting the defendant's argument, the court concluded that despite plaintiff's characterization of his claim as one for injunctive relief, the plaintiff's complaint was "in essence" one for monetary relief. *Id.*; *see also Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982) (holding that "an action against the United States which is at its essence a contract claim lies within the Tucker Act and that a district court has no power to grant injunctive relief in such a case."); *Kidwell v. Dep't of the Army*, 56 F.3d 279, 284 (D.C. Cir.

5

1995) (holding that "a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government.").

Here, like the plaintiff in *Bublitz*, Plaintiff seeks modification of his army records to reflect a discharge that is not "other than honorable." However, Plaintiff also expressly seeks restoration of "all promotions and pay grades" and monetary damages in an amount of $180,000. As pled, Plaintiff's complaint is both expressly and "in essence" one for monetary damages. As such, his claims cannot be brought here under the APA.

In addition, the APA is a remedy of last resort. The APA provides for review of statutes or final agency actions only when "there is no other adequate remedy in court." 5 U.S.C. §704. A Tucker Act claim brought in the Court of Federal Claims has been determined to be an "other adequate remedy," the availability of which precludes review under the APA. *See International Engineering Co., Inc. v. Richardson*, 512 F.2d 573, 581 (D.C. 1975), *cert. denied*, 423 U.S. 1048 (1976); *Associated Financial Corp. v. Kemp*, 769 F. Supp. 398, 403 (D.D.C. 1991).

Here, Plaintiff's claims amount to non-tort monetary claims against a federal agency or entity. As such, they constitute Tucker claims that must be brought in the Court of Federal Claims. *See Megapulse, Inc.*, 672 F.2d at 967-68. Accordingly, Plaintiff's claims are dismissed for lack of subject matter jurisdiction.

To the extent Plaintiff's claim for back pay could be construed as either a claim for less than $10,000, thus providing this Court concurrent jurisdiction under the "Little Tucker Act," or a non-monetary claim for injunctive relief *only* under the APA, this Court also lacks jurisdiction to address these claims because Plaintiff commenced this action long after the applicable six-year statute of limitations had expired. All civil actions against the United States, including

claims seeking to correct the discharge designation of former service members, are subject to a six-year statute of limitations. *See* 28 U.S.C. §2401(a) ("every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."); *Kendall v. Army Bd. for Corr. of Military Records*, 996 F.2d 362, 365-66 (D.C. Cir. 1993). Such a claim accrues and the statute of limitations begins to run upon the claimant's discharge and/or separation from active duty status. *Kendall*, 996 F.2d at 365-66; *Singleton v. Dep't of Army*, 2007 WL 2601934, at *2 (D.D.C. Sept. 6, 2007); *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004); *Jarrett v. White*, 2002 WL 1348304, at *4 (D. Del. June 17, 2002) (holding that a serviceman's Tucker Act claim accrued at the time of his discharge); *June v. Secretary of the Navy*, 557 F. Supp. 144, 148 (M.D. Pa. 1982) (holding that serviceman's APA claim challenging his discharge accrued at time of discharge). Further, the statute of limitations is not tolled while a claimant seeks permissive administrative review by the military records of correction. *Martinez*, 333 F.3d at 1311-1312.

Here, Plaintiff alleges that his discharge was wrongfully categorized as "other than honorable" on May 8, 1969; the date the applicable six-year statute of limitations began to run. Therefore, Plaintiff was required to file his discharge-based claim by May 7, 1975. Plaintiff, however, did not file his underlying claim until September 23, 2013, more than thirty-eight (38) years after the statute of limitations expired. Because Plaintiff failed to bring his claims within six years of their accrual, this Court lacks jurisdiction over the claims. *See Barren by Barren v. U.S.*, 839 F.2d 987, 992 (3d Cir. 1988) (holding that "the running of the statute of limitations on an action brought against the United States is a jurisdictional defect . . . ."); *Deakyne v. Dep't of Army Corps of Engineers*, 701 F.2d 271, 274 n. 4 (3d Cir. 1983) ("The running of a statute of limitations on an action against the United States . . . deprives the court of jurisdiction."); *U.S. v.*

*Sams*, 521 F.2d 421, 428 n. 39 (3d Cir. 1975) (quoting the Fifth Circuit: "[f]ailure to bring an action within the time specified under the Tucker Act does not merely provide the government with a waivable defense to the action, but deprives the district court of jurisdiction to hear the action at all.").[3]

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted, and this matter is dismissed for lack of subject matter jurisdiction. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[3] Although not mentioned in any of the parties' filings with this Court, Plaintiff sought similar relief to that sought here by way of a petition for habeas corpus which he filed in the United States District Court for the Middle District of Pennsylvania in January 2012. *See Yelverton v. Gavin*, 2012 WL 1246761 (M.D. Pa. Apr. 13, 2012). In addition to challenging the legality of his court-martial, in that action Plaintiff also sought the restoration of his military benefits, as he does here. *Id*. at *3. Finding that any such claim relating to Plaintiff's 1969 discharge accrued at the time of the discharge and, thus, was barred by the applicable six-year statute of limitations, the court dismissed the claims. *Id*.